BERKMAN, HENOCH, PETERSON,
PEDDY & FENCHEL, P.C.
Attorneys for Evangelical Christian
Credit Union
100 Garden City Plaza
Garden City, New York 11530
(516) 222-6200
Bruce D. Mael (BDM 8038)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

WORLD HARVEST DELIVERANCE CENTER,

                Debtor
-----------------------------------------------------------X

Hearing Date: 4/23/13 @10:00 a.m.
Objection Deadline: 4/16/13 @4:00 p.m.

Chapter 11

Case No. 13-41331-JF

## NOTICE OF MOTION FOR ORDER MODIFYING AND TERMINATING THE AUTOMATIC STAY UNDER 11 U.S.C. §362(d)(1), (2) AND (4)

**PLEASE TAKE NOTICE**, that upon the Application dated March 21, 2013 (the "Application"), Evangelical Christian Credit Union, a secured creditor of the above-named Debtor ("ECCU" or "Applicant"), by its attorneys, Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., shall move before the Honorable Jerome Feller, United States Bankruptcy Judge, in his Courtroom located at the United States Bankruptcy Court for the Eastern District of New York, located at 271 Cadman Plaza East, Brooklyn, New York 11201, on April 23, 2013, at 10:00 a.m., or as soon thereafter as counsel may be heard, for an Order: ( i ) pursuant to 11 U.S.C. Sections 362(d)(1), (2) and (4), providing that the automatic stay imposed by operation of 11 U.S.C. Section 362(a), be modified and terminated to permit Applicant to pursue its rights as more particularly described in the Application, to the premises known as 15-21 Central Avenue, Far Rockaway, New York 11691

(the "Premises"); (ii) pursuant to 11 U.S.C. Section 362(d)(4), providing that such order, upon filing a copy thereof in compliance with applicable State laws governing notices of interests or liens in real property, shall be binding in any other case under this title purporting to affect the Premises filed not less than two years after the date of entry of such order, such that any such filing shall not invoke an automatic stay as to Applicant; and (iii) granting such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that copies of the Application are available for inspection on the Courts Internet Website at http://www.nyeb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psu.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. Monday through Friday at the Office of the Clerk or the Bankruptcy Court, 271 Cadman Plaza East, 1st Floor, Brooklyn, New York 11201. Copies of the Application may also be obtained by written request to the Debtor's counsel at the address and telephone number set forth below.

**PLEASE TAKE FURTHER NOTICE,** that responses, if any, to the relief requested herein must (a) be made in writing and state with particularity the grounds for the objection; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York ("Local Rules"); ( c ) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended); (I) electronically by registered users of the Bankruptcy Court's case filing system, or (ii) on a 3.5 inch disk (preferably

in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format) by all other parties in interest; (d) be submitted in hard copy form to the chambers of the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201; and (e) be served upon the undersigned counsel so as to be received no later than 4:00 p.m. on April 16, 2013 (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE**, that only those responses made in writing and timely filed and received by the Response Deadline will be considered by the Bankruptcy Court at the hearing and that if no responses to the Application are timely filed and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter an order granting the Application without further notice.

Dated: Garden City, New York
       March 21, 2013

                                            **BERKMAN, HENOCH, PETERSON, PEDDY**
                                            **& FENCHEL, P.C.**
                                            Attorneys for Evangelical Christian Credit Union

                By:     s/Bruce D. Mael
                          Bruce D. Mael (BDM 8038)
                          100 Garden City Plaza
                          Garden City, New York 11530
                          (516) 222-6200

BERKMAN, HENOCH, PETERSON,
PEDDY & FENCHEL, P.C.
Attorneys for Evangelical Christian
Credit Union
100 Garden City Plaza
Garden City, New York 11530
(516) 222-6200
Bruce D. Mael (BDM 8038)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                            Chapter 11

WORLD HARVEST DELIVERANCE CENTER,                                 Case No. 13-41331-JF

            Debtor
-------------------------------------------------------------X

### APPLICATION OF EVANGELICAL CHRISTIAN CREDIT UNION FOR AN ORDER: (i) MODIFYING AND TERMINATING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1) AND (4); AND (ii) GRANTING RELATED RELIEF

TO:   THE HONORABLE JEROME FELLER
      CHIEF UNITED STATES BANKRUPTCY JUDGE:

The Evangelical Christian Credit Union, a secured creditor of the above-captioned Debtor ("ECCU" or "Applicant"), by its attorneys Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., submits this Application ("Application") for an order: (i) pursuant to 11 U.S.C. Sections 362(d)(1), (2), and (4)(B), providing that the automatic stay imposed by operation of 11 U.S.C. Section 362(a), be modified and terminated to permit Applicant to pursue its rights as more particularly described in the Application, to the premises known as 15-21 Central Avenue, Far Rockaway, New York 11691 (the "Premises"); (ii) pursuant to 11 U.S.C. Section 362(d)(4), providing that such order, upon filing a copy thereof in compliance with applicable State laws governing notices of interests or liens in real property, shall be binding in any other case under this title purporting to affect the

Premises filed not less than two years after the date of entry of such order, such that any such filing shall not invoke an automatic stay as to Applicant; and (iii) granting such other and further relief as this Court deems just and proper. In support thereof, ECCU respectfully sets forth and alleges as follows:

## BACKGROUND

1. ECCU is the holder of a Note, Mortgage, and Assignment of Leases and Rents (the Note, Mortgage, and Rent Assignment are collectively referred to hereafter as the "Loan Documents"), each dated December 19, 2006, given by the Debtor in the original principal amount of $305,000.00, pledging the Premises as collateral. Copies of the Loan Documents are annexed hereto as Exhibit "A".

2. Debtor defaulted on the payment under the Note by failing to make the payment due on July 1, 2011, and each payment thereafter. As a result of the Debtor's default, Lender commenced a foreclosure action in the Supreme Court of the State of New York, County of Queens, under index number 23373/11 (the "State Foreclosure Action").

3. On or about December 4, 2012, the State Court entered a Judgment of Foreclosure and Sale ("Judgment"), a copy of which is annexed hereto as Exhibit "B". Pursuant to the Judgment, Applicant scheduled a foreclosure sale for January 11, 2013 ("First Scheduled Sale").

4. On January 10, 2013, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code, 11 U.S.C. §101 *et seq.* ("Bankruptcy Code"), under Case No. 13-40138 (the "First Filing"), thereby staying the First Scheduled Sale. The petition was filed *pro se* and, in fact, the Debtor never sought to retain counsel.

5. Debtor failed to file any of the required schedules, statements, or lists with its petition, or at any time thereafter.

6. On January 11, 2013, the Office of the United States Trustee filed a Motion to Dismiss First Filing based on the Debtor's failure to retain counsel pursuant to Section 327 of the Bankruptcy Code.

7. On or about February 1, 2013, ECCU filed a Joinder to the Trustee's Motion based on, in addition to the Debtor's failure to obtain counsel, the Debtor's bad faith in filing the First Filing. Specifically, the Debtor's sole asset consists of over-leveraged real property, it has no business to reorganize, and apparently has no unsecured creditors. As such, the First Filing was filed only to stay the First Scheduled Sale, with neither the intent nor ability on the part of the Debtor to reorganize.

8. A hearing on the Trustee's Motion was held on February 14, 2013, at which time the Court granted the relief requested on the grounds set forth in both the Trustee's Motion and the Joinder. An order dismissing the First Filing was entered on February 19, 2013 (Docket No. 14).

9. Subsequent to the dismissal of the First Filing, Applicant proceeded with the State Foreclosure Action, scheduling another foreclosure sale for March 29, 2013 (the "Second Scheduled Sale").

10. On March 8, 2013, within weeks of the Second Scheduled Sale and less than one month after the First Filing was dismissed, the Debtor filed another voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Second Filing" or "Instant Filing"), again thwarting ECCU's ability to enforce its rights with respect to the Premises. Once again the Debtor impermissibly filed the petition *pro se.*

11. No trustee or examiner has been appointed herein and the Debtor has continued in the management and operation of its property as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. Upon information and belief, no Committee of Unsecured Creditors pursuant to Section 1102 of the Code has been appointed.

12. As was the case in the First Filing, Debtor failed to file any of the required schedules, statements or lists with its petition. As of the date herein, Debtor has still failed to file any of the required items.

## ARGUMENT

**The Automatic Stay Should Be Vacated**
**Under Section 362(d)(1) for Cause**

13. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause". Courts have held that lack of good faith in filing a petition may constitute cause to grant relief from the automatic stay. *See In re MacInnis*, 235 B.R. 255 (S.D.N.Y. 1998) ("Cause" existed to lift automatic stay based on debtor's bad faith in filing for Chapter 11 relief, even though he had only one principal asset, de minimis creditor claims except for claims of creditor moving for relief from stay, no employees and no apparent income to fund reorganization plan, solely as litigation tactic to avoid adverse judgment in state court litigation with moving creditor); *Manhattan King David Restaurant Inc. v. Levine*, 163 B.R. 36 (S.D.N.Y. 1993) (Chapter 11 case filed by single-asset debtor with no prospects of reorganizing, after debtor was unable to post bond following entry of summary judgment against it, was filed in "bad faith," such that "cause" existed for lifting stay to allow mortgagee to exercise its rights against property); *In re Eatman*, 182 B.R. 386 (Bankr. S.D.N.Y. 1995) (evidence showed that

Chapter 13 petition was filed in bad faith, and, therefore, condominium, which held lien for unpaid common charges, was entitled to relief from automatic stay, where debtor filed case for purpose and with effect of frustrating condominium's collection efforts and debtor did not have any realistic intention or ability to reorganize); *In re Felberman*, 196 B.R. 678 (Bankr. S.D.N.Y. 1995) (Chapter 13 petition filed by debtor on eve of mortgage foreclosure sale, after three successive Chapter 13 cases filed by her husband on eve of mortgage foreclosure sale had been dismissed, was not filed in "good faith"); *In re Kornhauser*, 184 B.R. 425 (Bankr. S.D.N.Y. 1995) ("Cause" existed for granting mortgagee's motion for relief from automatic stay, even ignoring the lack of adequate protection for mortgagee's interest, based on debtor's bad faith in filing four successive Chapter 13 cases on eve of mortgage foreclosure sale, without making any attempt to comply with his obligations under Bankruptcy Code, for sole purpose of frustrating foreclosure sale and of continuing to occupy property which he could not afford and for which he was not paying).

14. The bad faith standards, as formulated by courts in this Circuit, include the following non-exclusive factors:

> a) the debtor has only one asset;
>
> b) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
>
> c) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;
>
> d) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;
>
> e) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;
>
> f) the debtor has little or no cash flow;

g) the debtor cannot meet current expenses including the payment of personal property and real estate taxes; and

h) the debtor has no employees.

*See In re C–TC 9th Avenue Partnership,* 113 F.3d 1304, 1311 (2d Cir. 1997); *AMC Realty Corp., supra; In re Syndicom Corp.,* 268 B.R. 26, 50 (Bankr. S.D.N.Y. 2001).

15. Applying the above factors to the facts in the instant case, the result is the inescapable conclusion that the instant petition was filed in bad faith. Since the Debtor has failed to file any schedules or statements under the First and Second Filings, it is apparent that the Debtor's only asset is the Property. the Debtor has only five unsecured creditors exclusive of government agencies and utilities; the Debtor has no independent source of income; the Debtor apparently has no employees; the Property is the subject of a pending judgment of foreclosure and sale as a result of Debtor's default on its debts; the Debtor's financial problems involve essentially its dispute with its lender; and the Instant Filing, as well as the First Filing, was made following the issuance of a final judgment of foreclosure and sale just prior to duly scheduled foreclosure sales. Those factors demonstrate that the sole purpose of the Debtor's filing was to frustrate ECCU's legitimate efforts to enforce its rights in connection with the Property.

16. Clearly cause exists to vacate the automatic stay, as this petition was filed in bad faith. The filing of this case is nothing more than the latest device employed by the Debtor to further hinder and delay the enforcement of ECCU's legitimate and lawful rights under the Loan Documents, without any real desire or ability to reorganize. Debtor's bad faith is even more glaring given the fact that the First Filing was dismissed less than one month ago based, in part, on the Debtor's bad faith in filing that case, and that the "bare bones" petition filed in the Instant Filing is

virtually identical to that in the First Filing, both in what it contains and in what it lacks.

17. Accordingly, Applicant hereby requests that the automatic stay imposed under Section 362(a) of the Bankruptcy Code be modified and terminated for cause in accordance with Section 362(d)(1) of the Bankruptcy Code, to permit Applicant, or its successors, agents or assigns to pursue its rights and remedies regarding the Property, including without limitation consummation of foreclosure proceedings.

### The Automatic Stay Should Be Terminated Under Section 362(d)(2)

18. There are also ample grounds for terminating the automatic stay under Section 362(d)(2), which requires the Court to terminate the automatic stay where: "(A) the Debtor does not have an equity in such property; and (B) such property is not necessary for an effective reorganization". 11 U.S.C. §362(d)(2).

19. As of the Filing Date Debtor was liable to Lender in excess of $348,500.00 pursuant to the Judgment. According to the New York City Register, the market value of the Premises is approximately $145,000.00. A copy of the City's Market Value History Report with respect to the Premises is annexed hereto as Exhibit "C".

20. Accordingly, it is evident that the Debtor lacks equity in the Premises. Moreover, based upon the accrual of interest, penalties and fees on the unpaid obligations on the Property, the Debtor's interest in the Property continues to erode. Consequently, the Debtor's continued possession of the Property is an ever-increasing drain on the estate.

21. As such, the continuation of the automatic stay is prejudicial, not only to ECCU, but also to the interests of the Debtor's general creditor body. Continuation of the automatic stay only

diminishes these assets of the Debtor's estate without concomitant benefit of increasing the likelihood of a successful reorganization.

22. Based upon the foregoing it is evident that the Debtor maintains no equity in the Premises. Consequently, ECCU has satisfied its burden pursuant to Section 362(d)(2)(A) of the Bankruptcy Code.

23. Since the Debtor has no equity in the Property, the burden shifts to the Debtor to prove that the Premises is necessary for an effective reorganization. 11 U.S.C. § 362(g)(2). In order to satisfy this burden, the Debtor must show that the property is necessary for an effective reorganization "that is in prospect. This means . . . that there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'" *United Savings Association of Texas v. Timbers of Inwood Forest*, 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988) *citing* 11 U.S.C. § 362(g). Although this burden rests on the Debtor, it is respectfully submitted that there is no possibility for a successful reorganization within a reasonable time.

24. It appears that the Debtor does not have the financial resources to fund a plan since, as explained above, the Debtor has no identifiable source of income. In fact, the Debtor has demonstrated that it cannot even service the debt on the Property. In view of these facts, it does not seem possible for the Debtor to propose a plan that would retain possession of the Property.

25. In addition, a private sale or refinance is highly unlikely due to the fact that the liens against the Property are well in excess of its value. Given the Debtor's financial position, it is likely that the Property will eventually be liquidated either under the auspices of this Court or in a foreclosure proceeding. Accordingly, not only is the Property not necessary for the successful reorganization of the Debtor, it is a drain on the estate.

26. Based on the foregoing, since the Property is not necessary for the reorganization of the Debtor and since the Debtor has no equity in the Property, the stay should be terminated as to the Premises pursuant to § 362(d)(2).

**The Automatic Stay Should Be Vacated**
**Under Section 362(d)(4)**

27. Bankruptcy Code Section 362(d)(4) provides, in pertinent part, as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either--
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> (B) multiple bankruptcy filings affecting such real property.

28. Stated otherwise, ECCU is entitled to relief under Section 362(d)(4)(B) upon a showing that the filings were part of a scheme to hinder, delay, or defraud ECCU.

29. Courts within this Circuit have found that "the mere timing and filing of several bankruptcy cases is an adequate basis from which a court can draw a permissible inference that the filing of a subsequent case was part of a scheme to hinder, delay, and defraud creditors." *In re Montavalo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009); *In re Blair*, 2009 WL 5203738 (Bankr. E.D.N.Y. 2009); *see also In re Procel*, 467 B.R. 297 (S.D.N.Y. 2012); *In re GEL, LLC*, 2012 WL 3073069 at p. 8 (Bankr. E.D.N.Y. 2012). Those courts have also found that factors weighing in favor of granting such relief are whether a debtor has sought to file and confirm a payment plan or

has prosecuted the case(s) to any meaningful extent. *In re Procel*, 467 B.R. at 308, *citing Blair* and *Montalvo, supra.*

30. There is no question that there was a scheme involving an attempt to delay and hinder ECCU. As stated above, each of the Debtor's First and Second Filings were filed as "bare bones" petitions with no attempt by the Debtor to cure the filing deficiencies in either case. Moreover, Debtor did not retain counsel in either case, notwithstanding that the First Filing was dismissed, in part, for Debtor's failure to retain counsel. It should also be noted that the other reason the First Filing was dismissed is that this Court found that it was filed in bad faith. Given that the Instant Filing is a virtual "carbon copy" of the First Filing, there can be no question that the First and Second Filings were made for the sole purpose of frustrating ECCU's rights with respect to the Property, with neither the ability nor intent to effectuate any sort of reorganization.

31. Accordingly, Applicant should be granted relief from the automatic stay pursuant to 11 U.S.C. §362(d)(4)(B).

**The Stay Should Be Vacated With *In Rem* Relief**
**Under Subsection (d)(4)**

32. Subsection (d)(4), in addition to the provisions cited above, provides in pertinent part as follows:

> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing.

33. Since, as demonstrated above, ECCU is entitled to relief under Section 362(d)(4)(B),

ECCU requests that the order vacating the automatic stay provide that, upon filing a certified copy of same in compliance with applicable State laws governing notices of interests or liens in real property, it shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such Order by the Court such that any such filing shall not invoke an automatic stay as to ECCU unless, after notice and a hearing, a debtor in a subsequent case obtains relief from said order.

34. If this relief is not granted, there seems little doubt that the Debtor will seek other avenues to manipulate the legal system, which may very well include additional bankruptcy filings, thereby accomplishing its goal of further hindering and delaying ECCU from enforcing its rights under applicable law, as well as circumventing the mandates of the Bankruptcy Code.

## CONCLUSION

35. For all of the reasons set forth above, this Court should enter an Order granting the instant Application in all respects.

36. Due to Applicant's ongoing economic harm, Applicant respectfully requests that the 14-day stay of an order pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived.

37. Since no novel or complex issues of law other than as set forth herein are raised by the instant Application, it is respectfully submitted that the requirement of a memorandum of law pursuant to EDNY LBR 9013-1(b) be dispensed with.

38. No prior application for the relief sought herein has been made to this or any other court.

**WHEREFORE,** ECCU respectfully requests that this Court enter an order granting the instant Motion in all respects, plus granting such other and further relief as may be just and proper.

Dated: Garden City, New York
March 21, 2013

                                          BERKMAN, HENOCH, PETERSON, PEDDY
                                          & FENCHEL, P.C.
                                          Attorneys for Evangelical Christian Credit Union

                          By:    <u>s/Bruce D. Mael</u>
                                          Bruce D. Mael (BDM 8038)
                                          100 Garden City Plaza
                                          Garden City, New York 11530
                                          (516) 222-6200