74605

At an I.A.S. Term Part **12** of the Supreme Court of the State of New York held in and for the County of QUEENS at the Supreme Court Building located at 88-11 Sutphin Boulevard, Jamaica, New York on the **30** day of **November**, 2012.

PRESENT:

HON.: **DENIS J. BUTLER**
J.S.C.

-------------------------------------------------------------X
EVANGELICAL CHRISTIAN CREDIT UNION,

               Plaintiff,

- against -

WORLD HARVEST DELIVERANCE CENTER, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,

               Defendants.
-------------------------------------------------------------X

INDEX NO.: 23373/11

**JUDGMENT OF FORECLOSURE AND SALE**

PLEASE TAKE NOTICE that upon the summons and complaint duly filed in the Office of the Clerk of the County of QUEENS on October 12, 2011 and the filing of the notice of pendency on October 12, 2011, and upon the Order of HON. DENIS J. BUTLER, J.S.C. dated April 9, 2012 whereby LUCILLE S. DIGIROLOMO, ESQ. was appointed Referee to ascertain and compute the amount due to the Plaintiff on the note and mortgage upon which this action is brought and to ascertain and report whether the mortgaged premises can be sold in separate parcels; and upon the various affidavits of service of process, all of which were annexed to and filed with said Order; and upon all proceedings had herein, from all of which it appears that this action was brought to foreclose a mortgage held by Plaintiff on **BLOCK 15545, LOT 26** known as **15-21 CENTRAL AVENUE, FAR ROCKAWAY, NEW YORK**, that the entire balance of the principal sum secured thereby and all other sums due thereon are now due and payable; that all defendants herein have been duly served with the summons and verified complaint and/or have duly appeared herein; that the time to answer

or move with respect to the verified complaint has expired as to each and all of said Defendants; that no answer or motion directed to the verified complaint or otherwise has been interposed by or on behalf of any Defendant; that the time to do so has not been extended by stipulation or otherwise; that each and all of the Defendants are in default for want of pleading; that none of the Defendants is an infant or incompetent or absentee person and that the notice of pendency filed herein has been on file for twenty (20) days or more and contains all of the particulars required by law to be stated in such notice; and

On reading and filing the report of said Referee, LUCILLE S. DIGIROLOMO, ESQ., dated July 2, 2012, from which report it appears that the sum of $320,394.57 was due to the Plaintiff as of April 30, 2012 for principal and interest and otherwise under the notes and mortgages set forth and described in the verified complaint, and that the mortgaged premises must be sold in a single parcel; and

That according to the affidavits of JOSEPH LEGGIO and MELVIN ROLFE, copies of which are annexed hereto as **Exhibit "C"**, none of the defendants are subject to the protective provisions of the Soldiers' and Sailors' Civil Relief Acts of 1940, as amended, and are not subject to the protective provisions of the New York; and

On upon the notice of Alan J. Waintraub pursuant to CPLR §3215(g)(4)(ii) dated the 22nd day of October, 2012, 2012 and the affidavit of service therefor of Mari-Jo Kassiotis dated the 22nd day of October, 2012 annexed hereto; and

Upon the Order of HON. DENIS J. BUTLER, J.S.C. dated September 20, 2012 whereby Plaintiff's prior application for the relief sought herein was denied without prejudice; and

NOW on motion of BERKMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C., attorneys for the Plaintiff, it is

ORDERED, that the report of LUCILLE S. DIGOROLOMO, ESQ., dated July 2, 2012, be, and the same is hereby, in all respects, ratified and confirmed; and it is further

**ORDERED, ADJUDGED AND DECREED** that the mortgaged premises described in the verified complaint in this action and hereinafter described be sold in one parcel at public auction to the highest bidder in **COURT ROOM 25, QUEENS COUNTY GENERAL COURTHOUSE, 88-11 SUTPHIN BOULEVARD, JAMAICA, NEW YORK**, under the direction of LUCILLE S. DIGOROLOMO, ESQ., Counselor-at-Law, who is hereby appointed Referee for that purpose. That said Referee give public notice of the time and place of said sale, according to law and the rules and practices of this Court, by publication in the _Daily News, Queens Edition, 450 West 33rd Street 5th floor, N.Y., N.Y. 10001, 212-210-2100_.

daily

That the Plaintiff or any other party or parties to this action may become a purchaser at such sale, and that if Plaintiff becomes such purchaser no deposit shall be required. That said Referee execute to the purchaser or purchasers on such sale a deed or deeds of the premises sold. All deed stamps, transfer taxes and recording fees, if any, shall be paid by the purchaser. That said Referee on receiving the proceeds of the sale, shall forthwith deposit the same in the name of the Referee, as Referee, in _SIGNATURE BANK, 89-36 Sutphin Blvd., 3rd Floor, Jamaica, NY 11435_ Bank, and the Referee shall thereafter make the following payments therefrom and the Referee's checks drawn for such purpose shall be paid by such depository, to wit:

**FIRST:** The Referee shall pay a sum not to exceed $500.00, the amount allowed by Section 8003 of the CPLR to the Referee as the Referee's fee herein. In the event that the action is discontinued or the sale of the subject property is cancelled, the referee is entitled to a $250.00 fee.

**SECOND:** The Referee shall pay advertising expenses and the expenses of said sale as shown on the bills presented and certified by the said Referee to be correct.

**THIRD:** The Referee shall pay the amount of any lien or liens upon the premises to be sold at the time of such sale for taxes, assessments, water rates and sewer rents, together with such interest up to the date of payment, together with any and all sums which may be necessary to redeem the property so sold from any and all sales, unpaid taxes, assessments, water rates, and any sums expanded for the protection, preservation, security or maintenance of the property, including, but not limited to, fire insurance and property inspections. The Referee shall pay or refund to the Plaintiff, if paid by it, any of the aforementioned sums. The Referee shall pay to the Plaintiff's attorney the sum of $1,800.00 for reasonable attorney's fees incurred by Plaintiff to protect or enforce Plaintiff's security interest in the premises.

**FOURTH:** The Referee shall pay to the Plaintiff the sum of $1,870.00 which is hereby awarded to it for costs and disbursements to be taxed by the Clerk of this Court and inserted herein, with interest thereon from the date hereof, ~~together with an extra allowance of $_____ hereby awarded to the Plaintiff in addition to costs and disbursements, with interest thereon from the date hereof~~, and also the sum of $320,394.57 being the amount reported due as aforesaid, together with interest at the contract rate thereon from May 1, 2012 to the date of entry of this judgment and thereafter interest at the statutory rate thereon, to the date of the sale directed herein or to the date of the delivery of the Referee's Deed, whichever is later or so much thereof as the purchase money will pay of the same.

**FIFTH:** That the said Referee take receipts for the money so paid out by the Referee and file the same with the Referee's report of sale and that the Referee deposit the surplus money, if any, with the ~~NEW YORK COMMISSIONER OF FINANCE~~ Queens County Clerk within five days after the same shall be received and ascertainable, to the credit of this action, to be drawn only on order of this Court, signed by a Justice thereof; and it is further

**ORDERED, ADJUDGED AND DECREED** that the said Referee make a report of such sale and file it with the Clerk of the County of QUEENS within 30 days of completing the sale and executing the proper conveyance to the purchaser, and that the purchaser or purchasers at such sale be let into possession upon production of the Referee's deed or deeds; that, if the proceeds of such sale be insufficient to pay the amount so reported due to the Plaintiff and interest, costs and allowances as aforesaid, said Referee specify the amount of such deficiency in the Referee's report of sale and the Plaintiff shall recover from the Defendant, WORLD HARVEST DELIVERANCE CENTER, the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the real Property Actions and Proceedings Law within the same time limited therein, and the amount thereof is determined and awarded by an order of this court as provided for in said section; and it is further

**ORDERED, ADJUDGED AND DECREED** that the purchaser or purchasers at said sale be let into possession on production or delivery of Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED** that, in case the Plaintiff shall become the purchaser of the premises directed to be sold, as aforesaid, or in the event that the rights of the purchaser at said sale, and the terms of sale under this judgment shall be assigned to or acquired by the Plaintiff, and a duly executed assignment thereof in writing be filed with the Referee, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff a deed or deeds of the premises sold, upon payment to the Referee of the amounts specified above in the paragraphs marked "FIRST", "SECOND" and "THIRD", or in lieu of the payment of the said last mentioned amounts, upon filing with said Referee receipts of

the proper municipal authorities showing the payment thereof. That the balance of the amount bid, if any, shall be allowed to the Plaintiff, and applied by the paragraph marked "FOURTH" above. That if, after so applying the balance of the amount paid, there shall be a surplus over and above the amounts due to the Plaintiff, the Plaintiff shall pay to the said Referee, upon delivery to it of the Referee's deed, the amount of such surplus, and the Referee shall then deposit the balance with ~~such~~ the Queens County Clerk. ~~depository~~ as herein directed, within 5 days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the order of this court, signed by a Justice of this Court, and it is further

**ORDERED, ADJUDGED AND DECREED** that the Defendants in this action, and all persons claiming under them subsequent to the filing of the notice of the pendency of this action be, and they are forever barred and foreclosed of all right, title, claim, lien and equity of redemption in the said mortgaged premises and in each and every part and parcel thereof. The following is a description of the premises heretofore mentioned:

(See Schedule "A" annexed hereto as Exhibit "A")

SAID premises being known as **BLOCK 15545 LOT 26** and by street number **15-21 CENTRAL AVENUE, FAR ROCKAWAY, NEW YORK**, and it is further

**ORDERED, ADJUDGED AND DECREED** that the premises be sold subject to:

(a) The state of facts an accurate survey will show;

(b) All covenants, restrictions, easements, agreements and reservations, if any, of record and to any and all violations thereof;

(c) Any and all building and zoning regulations, restrictions and ordinances of the municipality in which said premises are situated, and to any violations of the same, including, but not limited to, reapportionment of lot lines, and vault charges, if any;

(d) Any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and violations of the same;

(e) The physical condition of any buildings or structure on the premises as of the date of the later to occur of the closing date or the extension of the closing date hereunder;

(f) Rights of tenants in possession, if any.

(g) Prior mortgages, liens and judgments of record, if any;

(h) Right of Redemption of the United States of America, if any;

(i) Rights of any defendants pursuant to CPLR Section 317, CPLR Section 2003 and CPLR Section 5015, if any;

(j) Any and all Hazardous Materials in the Premises including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos, and toxic substances; and,

(k) Transfer taxes to be paid by any foreclosure sale purchaser; and

(l) Other conditions as set forth in the terms of sale more particularly to be announced at the sale; and it is further

ORDERED, ADJUDGED AND DECREED, that the Plaintiff be granted any further relief to which the Court shall deem the Plaintiff to be entitled.

ENTER,

_____
Audrey I Pheffer
Clerk

_____
HON. DENIS J. BUTLER, J.S.C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------X
EVANGELICAL CHRISTIAN CREDIT UNION,

                Plaintiff,

- against -

WORLD HARVEST DELIVERANCE CENTER, NEW
YORK CITY PARKING VIOLATIONS BUREAU,
NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD,
                Defendants.
----------------------------------------X

INDEX NO.: 23373/11

COST OF PLAINTIFF

| COSTS | | DISBURSEMENTS | |
|---|---|---|---|
| Costs before note of issue | | Fee for Index Number CPLR §8018(a) | $ 400.00 |
| CPLR §8201 subd.1 | $ 200.00 | Clerk's fee, filing notice of pend. or attach. | |
| Allowance by statute | | CPLR §8018(e) §8021(A)12 | $ 35.00 |
| CPLR §8302(a)(b) | | Paid for Searches CPLR §8301(a)10 | $ ~~613.74~~ 275.00 |
| Percentage on $200.00 at 10% | $ 150.00 | Serving copy of summons & complaint | |
| (not exceeding $200.00) | | CPLR §8011(c)1 §8301(d) | $ ~~555.00~~ 320.00 |
| additional $800.00 at 5% | $ 50.00 | Fees for Publication CPLR §8301(a)3 | $ |
| (not exceeding $800.00) | | Fees for Serving supplemental summons & complaint | $ |
| | | Request for Judicial Intervention | $ 95.00 |
| additional $2,000.00 at 2% | $ | Paid Referee's Report CPLR §8301(a)12 | $ 250.00 |
| (not exceeding $2,000.00) | | Bankruptcy Disbursements | $ |
| additional $5,000.00 at 1% | $ | Filing Fees | $ 95.00 |
| (not exceeding $5,000.00) | | | |
| Allowance by statute | | RETURN COSTS TAXED WITHOUT NOTICE | |
| CPLR §8302(d) | $ | AT $ 1870.00 | |
| Motion Costs | | DEC 4 2012 | |
| CPLR §8202 | $ | Audrey Pheffer | |
| | | COUNTY CLERK QUEENS COUNTY | |
| COSTS | $ 400.00 | | |
| DISBURSEMENTS | ~~$2,038.74~~ $1470.00 | | ~~$2,038.74~~ $1470.00 |
| TOTAL | ~~$2,438.74~~ $1870.00 | | |

STATE OF NEW YORK, COUNTY OF NASSAU SS:    ATTORNEY'S AFFIRMATION

    The undersigned, an attorney admitted to practice in the courts of this state, affirms: that he is the attorney(s) of record for the plaintiff in the above entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

    The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: October 22, 2012

                                                     ALAN J. WAINTRAUB

O:\BHPP Department Data\Foreclosure Department Data\Mari-Jo Kassiotis\Cost of Plaintiff\ECCU.World-2.1012.wpd